# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 2426 | **DATE** | 1/9/2001 |
| **CASE TITLE** | RUTH A. McCANDLESS vs. HEALTH CARE AT HOME PLUS, et al. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] The motion for summary judgment [6-1] is granted. Judgment is entered for defendants Health Care At Home Plus and Sun Belt Home Health, Inc. and against plaintiff Ruth A. McCandless. Defendant's motion to strike is moot. ENTER MEMORANDUM OPINION AND ORDER.

*Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | |
|---|---|
| | No notices required, advised in open court. |
| | No notices required. |
| ✓ | Notices mailed by judge's staff. |
| | Notified counsel by telephone. |
| | Docketing to mail notices. |
| | Mail AO 450 form. |
| | Copy to judge/magistrate judge. |

courtroom deputy's initials: SB

COPY FOR DOCKETING

01 JAN 23 PM 6: 04

Date/time received in central Clerk's Office

number of notices

JAN 25 2001
date docketed

docketing deputy initials

1/9/2001
date mailed notice

jad
mailing deputy initials

Document Number

22

RUTH A. McCANDLESS, )
)
Plaintiff, ) No. 00 C 2426
)
v. ) Suzanne B. Conlon, Judge
)
HEALTH CARE AT HOME PLUS and SUN )
BELT HOME HEALTH, INC., )
)
Defendant. )

**DOCKETED**

JAN 2 5 2001

## MEMORANDUM OPINION AND ORDER

Ruth A. McCandless ("McCandless") sues Health Care At Home Plus ("HCAH Plus") and Sun

Belt Home Health, Inc. ("Sun Belt") (collectively "defendants") for age discrimination, pursuant to the

Age Discrimination in Employment Act. 29 U.S.C. § 62.1, *et seq.* McCandless alleges defendants

unlawfully eliminated her private duty manager position because of her age. Defendants contend

McCandless' position was eliminated because HCAH Plus had to meet new personnel requirements in

order to obtain an Illinois Home Health Agency license. Defendants move for summary judgment,

pursuant to Fed. R. Civ. P. 56 and Local Rule 56.1.

## BACKGROUND

All facts are undisputed unless otherwise noted. HCAH Plus provides health care services to

clients in their homes, including nursing, physical and occupational therapy, and social work. The

agency is owned by Hinsdale Hospital, which is part of the Adventist Health System ("Adventist").

Sun Belt manages HCAH Plus and is owned by Adventist.

HCAH Plus hired McCandless as service coordinator for the agency in June 1986. As service coordinator, she was in charge of scheduling and matching HCAH Plus employees with clients. Over time, McCandless became the most senior employee at HCAH Plus and assumed a leadership role. She eventually assumed the title of private duty manager. McCandless' duties included scheduling visits with clients, coordinating medical records and patient charts, and supervising and conducting performance evaluations of HCAH employees.

During the course of McCandless' employment, her performance reviews demonstrated that she was a tireless and dependable worker. Furthermore, McCandless received the Uncommon Caring Award for the Midwest Region in 1998. She was selected from a pool of 500-600 employees.

Throughout the 1990's, HCAH Plus experienced financial difficulties. As a result, McCandless' hours were reduced by ten percent in 1993. In December 1997, Paige Mosberg ("Mosberg") was hired by Hinsdale Hospital as the supervisor of HCAH Plus and two other agencies. At the time Mosberg was hired, HCAH Plus was not licensed as an Illinois home health agency. In late 1998 or early 1999, Mosberg and Sun Belt's Executive Director, Mary Orr ("Orr"), decided HCAH Plus should apply for an Illinois license in order to improve the agency's financial performance. Under Illinois law, an agency must be under the direction of a registered nurse or physician in order to obtain a license. Consequently, Mosberg and Jane Spaeth ("Spaeth"), Human Resources Manager for HCAH Plus and other Adventist agencies, created a job description for the position of private duty director in December 1998. A listed requirement for the job was "Graduate of an approved school of professional nursing." McCandless never applied for this position because she was not a registered nurse. Mosberg and Orr

hired LaVonne Potter ("Potter"), a registered nurse, as private duty director in June 1999.[1] At this time, Potter was 49 years old and McCandless was 67.

Potter hired Jeanne Dennis-Horn ("Dennis-Horn") as her director for private duty services. Dennis-Horn assisted Potter two days a week. When Dennis-Horn was hired, the plan was for her to become a full-time employee at HCAH Plus once additional revenue was available. Potter hired Dennis-Horn to perform licensing, patient assessments, and to act as her general assistant. Dennis-Horn was a registered nurse, and her salary was approximately $40,000 annually.

In late September 1999, Mosberg and Spaeth informed McCandless that HCAH Plus was eliminating her private duty manager position. Instead of terminating McCandless' employment, Mosberg and Spaeth offered her the position of scheduler/medical records coordinator. The salary for this position was approximately one-half the salary McCandless received as private duty manager. McCandless rejected the offer and left the agency. Several weeks later, Alice Moctezuma, age 50, was hired for the scheduler position.

Following the elimination of McCandless' position, Potter had several discussions with other HCHA Plus employees regarding the reasons McCandless left the agency. McCandless claims Noelia Gutierrez ("Gutierrez") asked Potter why McCandless no longer worked at the agency. Potter responded that McCandless was too old for the job. McCandless 56.1 Facts ("McCandless Facts") at ¶¶ 34-35. McCandless further contends that Potter told Constance Ativie ("Ativie") that Potter was too old for the job and pointed out that McCandless was 70 years old. *Id.* at ¶ 36. In addition to other

---

[1]HCAH Plus obtained its Illinois Home Health Agency license in February 2000. McCandless Facts at ¶ 77.

HCAH Plus employees, McCandless claims Potter made age-based remarks to McCandless' sister, Margaret Shubart ("Shubart"). Potter allegedly told Shubart that McCandless had retired. *Id.* at ¶ 37.

## **DISCUSSION**

### I. Summary judgment standard

A movant is entitled to summary judgment under Rule 56 when the moving papers and affidavits show there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56 (c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *King v. National Human Resource Committee, Inc.*, 218 F.3d 719, 723 (7th Cir. 2000). Once a moving party has met its burden, the non-moving party must go beyond the pleadings and set forth specific facts showing there is a genuine issue for trial. Fed. R. Civ. P. 56 (e); *Silk v. City of Chicago*, 194 F.3d 788, 798 (7th Cir. 1999). The court considers the record as a whole and draws all reasonable inferences in the light most favorable to the party opposing the motion. *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). The summary judgment standard is applied with special scrutiny to ADEA cases because the outcome often depends on determinations of credibility and intent. *See Michas v. Health Cost Controls of Illinois*, 209 F.3d 687, 692 (7th Cir. 2000).

### II. ADEA Analysis

The ADEA provides that it is "unlawful for an employer . . . to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29

U.S.C. § 623(a)(1). When a plaintiff alleges age discrimination, "liability depends on whether the protected trait (under the ADEA, age) actually motivated the employer's decision." *Reeves v. Sanderson Plumbing Products, Inc.*, 120 S.Ct. 2097, 2105 (2000) (citations omitted).

A plaintiff may prove intentional age discrimination with either direct or indirect evidence. *Michas*, 209 F.3d at 692. When a plaintiff attempts to establish discrimination with indirect evidence, courts have established a framework for allocating the burden of production between the parties and an order for the parties' presentation of proof. *Id.* The plaintiff must first make out a prima facie case of discrimination. *Id.* (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)). Once a prima facie case has been established, the defendant must offer a legitimate non-discriminatory reason for the employment decision. *Id.* If the defendant can offer a non-discriminatory reason, the burden then shifts to the plaintiff to prove the defendant's reason is merely a pretext for discrimination. *Id.* at 693.

## III.   McCandless' Prima Facie Case

To make out a prima facie case of discrimination, plaintiffs typically must present evidence to show (1) they are a member of a protected class; (2) they met their employer's job expectations to a reasonable extent; (3) they were the victims of an adverse employment action; and (4) their position remained open or was filled by someone who is not a member of the protected class. *Id.*[2] The fourth prong has been modified slightly for cases where the employer claims the plaintiff's position was terminated due to a reduction in force ("RIF"). "A RIF occurs when an employer permanently eliminates certain positions from its workforce." *Id.* In cases involving a RIF, the fourth prong requires the plaintiff to present evidence to show substantially younger employees in positions similar

---

[2]It is undisputed that McCandless can establish the first three prongs of a prima facie case.

to the plaintiff's position were treated more favorably. *Radue v. Kimberly-Clark Corp.*, 219 F.3d 612, 617 (7th Cir. 2000).

If plaintiffs offer evidence to show their job responsibilities were absorbed by other employees during the RIF rather than simply eliminated, the traditional McDonnell Douglas framework applies and the fourth prong is satisfied if their replacement was not a member of the protected class. *Paluck v. Gooding Rubber* Co., 221 F.3d 1003, 1012 (7th Cir. 2000) (the determining factor in choosing between RIF and traditional McDonnell Douglas analysis is not the number of employees terminated but whether the employer still needs plaintiff's job responsibilities performed); *See also Michas*, 209 F.3d at 693-94 (same). McCandless acknowledges her duties were absorbed by other employees. She offers evidence to show her scheduling duties were taken over by Potter and later by Moctezuma. McCandless Facts at ¶¶ 10, 32, 35. Therefore, the traditional McDonnell Douglas framework applies.

McCandless claims the fact that Potter and Moctezuma were substantially younger is evidence of age discrimination.[3] However, the substantially younger factor is only relevant when RIF analysis applies.[4] When the traditional McDonnell Douglas framework applies, plaintiffs alleging age discrimination satisfy the fourth prong by showing employees who are not members of the protected class (*i.e.,* 40 years old or younger) replaced them. Both Potter and Moctezuma were members of the

---

[3] Any evidence referring to Moctezuma is irrelevant because McCandless rejected the position Moctezuma was offered. Similarly, it is irrelevant that Donita Brown, who replaced Moctezuma in March 2000, was 36 years younger than McCandless.

[4] Even if the RIF analysis applied, McCandless fails to establish a prima facie case because Potter was not "similarly situated"to her. To establish a prima facie case under the RIF analysis, a plaintiff must show that she is similarly situated "with respect to performance, qualifications, and conduct." *Radue v. Kimberly-Clark Corp.,* 219 F.3d 612, 617 (7th Cir. 2000). Potter was a registered nurse, which is the type of employee HCAH Plus needed to obtain an Illinois health agency license. McCandless was not a registered nurse. Therefore, McCandless and Potter were not similarly situated.

6

protected class because they were over the age of 40 when they were hired. Therefore, McCandless cannot establish the fourth prong of a prima facie age discrimination case.

## IV.     Direct Evidence of Discrimination

Alternatively, a prima facie case of age discrimination may be established by direct evidence of discrimination. "A combination of direct and circumstantial evidence, 'none conclusive in itself but together composing a convincing mosaic of discrimination against the plaintiff,' may allow a plaintiff to surpass the summary judgment hurdle." *Robin v. Espo Engineering Corp.*, 200 F.3d 1081, 1089 (7th Cir. 2000) (citations omitted).

McCandless claims the age-based remarks Potter made after elimination of the private duty manager position shows she was a victim of discrimination. Age-based comments cannot serve as evidence of discrimination unless they were spoken by the person or persons making the adverse employment decision. *Kennedy v. Schoenberg, Fisher, & Newman, Ltd.*, 140 F.3d 716, 724 (7th Cir. 1998). McCandless simply offers evidence showing Potter concurred with Mosberg's decision to eliminate the private duty manager position. McCandless Facts at ¶ 31. She does not present evidence to show McCandless participated in making the decision. In fact, Potter testified she played no role in the decision to eliminate the private duty manager position and was only informed of the decision after it was made.   Potter deposition at p. 35.[5]

Even if Potter's remarks had been made by a decision maker, McCandless still could not use them to establish age discrimination. Age-related remarks can only qualify as direct evidence of discrimination if they are related to the adverse employment decision. *Robin,* 200 F.3d at 1089. Potter

---

[5]McCandless offers no evidence that could cause a reasonable jury to attribute Potter's remarks to Mosberg or Spaeth. In fact, Potter testified Mosberg only told her about financial reasons for eliminating the private duty manager position. Potter deposition at p. 34.

stated her opinion that age was the reason McCandless chose to leave HCAH instead of staying as the agency's scheduler. Potter did not state age was a reason McCandless' private duty manager position was eliminated.

Even if Potter's statements could be viewed as evidence she thought McCandless was too old for the position of private duty manager, the remarks do not constitute evidence of age discrimination. McCandless offers no evidence to show that such a belief motivated the decision to eliminate the private duty manager position. "Remarks at work that are based on [age] stereotypes do not inevitably prove that [age] played a part in a particular employment decision." *Baron v. City of Highland Park*, 195 F.3d 333, 339 (7th Cir. 2000) (citations omitted). *See also Hong Kong v. Children's Memorial Hospital,* 993 F.2d 1257, 1266 (7th Cir. 1993) (discriminatory comments "when unrelated to the decisional process, are insufficient to demonstrate that the employer relied on illegitimate criteria").

In addition to presenting insufficient direct evidence, McCandless' circumstantial evidence cannot establish age discrimination. McCandless contends the hiring of Dennis-Horn in September 1999 at a salary of $40,000 evidences that age discrimination rather than monetary concerns was the reason her private duty manager position was eliminated. However, Dennis-Horn was a registered nurse and could fulfill duties that McCandless was unqualified to perform. Expending funds for valued services is not inconsistent with a desire to make budget cuts wherever possible.

McCandless contends the fact that HCAH Plus fired another employee in the protected class in 1999 and hired a 37-year-old replacement is evidence of discriminatory motive. McCandless Response at 12. Without more, this evidence cannot establish age-based discrimination. "Because the occurrence of adverse employment actions may correlate to older employees for reasons other than intentional discrimination . . . statistical evidence which fails to take into account nondiscriminatory

8

explanations does not permit an inference of discrimination." *Radue v. Kimberly-Clark Corp.*, 219 F.3d 612, 617-18 (7th Cir. 2000) (citations omitted).

McCandless' own admissions cast doubt on her proffered circumstantial evidence of discrimination. McCandless made the following admissions during her deposition: (1) she had no reason to believe any of the defendants created the private duty director position to get rid of her because of her age; (2) neither Mosberg nor any HCAH manager made any age-based comments to her; (3) she has no reason to distrust the reasons given to her for creating the scheduler position; (4) she has no reason to believe creating the scheduler position was a pretext for terminating her on the basis of age; (5) hiring a private duty director was in the best interest of the agency and would result in more business; and (6) she cannot identify any employee at HCAH Plus who was similarly situated and yet received better treatment. McCandless Facts at ¶¶ 78-79, 82-87, 89. McCandless has failed to offer evidence to support a reasonable inference that HCAH Plus discriminated against her because of her age.

## CONCLUSION

The motion for summary judgment is granted.

ENTER:

Suzanne B. Conlon
United States District Judge

January 9, 2001

9